UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**VICKIE R. SMITH**                                        **CIVIL ACTION NO.**

**VERSUS**                                                       **22-825-BAJ-EWD**

**L'AUBERGE CASINO & HOTEL
BATON ROUGE, ET AL.**

### RULING AND ORDER[1]

Vickie R. Smith ("Plaintiff") alleges that she was injured when she slipped and fell at the L'Auberge Casino in Baton Rouge. She claims that she was further injured when casino personnel physically moved her after her fall. Originally, Plaintiff filed suit against Defendants L'Auberge Casino & Hotel Baton Rouge ("L'Auberge") , Pinnacle Entertainment, Inc., Penn Entertainment, Inc., Penn National Gaming, Inc., Gaming and Leisure Properties, and three "Doe" Defendants.[2] Pinnacle Entertainment, Inc., Penn Entertainment, Inc., f/k/a Penn National Gaming, Inc., and Gaming and Leisure Properties, Inc. (collectively "Removing Defendants") removed the case to this Court, asserting diversity subject matter jurisdiction under 28 U.S.C. § 1332.[3] After some discovery, Plaintiff filed the instant Motion for Leave of Court to File an Amended Complaint ("Motion to Amend"), seeking to add one new defendant and to identify the three previously unknown Doe defendants, who, like Plaintiff, are Louisiana citizens ("Non-Diverse Individual

---

[1] A motion for leave to amend is not among the motions expressly excluded from direct ruling by a magistrate judge under 28 U.S.C. § 636(b)(1)(A). Further, although the Fifth Circuit has not ruled on the issue, the weight of authority suggests that motions for leave to amend are generally considered nondispositive in nature. *See, e.g., Bona Fide Demolition and Recovery, LLC v. Crosby Construction Co. of La., Inc*., 07-3115, 2010 WL 4176858, *1 (E.D. La. Oct. 20, 2010) (collecting cases).
[2] R. Doc. 1-4
[3] Defendants asserted that L'Auberge was merely a trade name and that the citizenship of the "Doe" defendants should not be considered under 28 U.S.C. § 1441(b). R. Doc. 1, ¶¶ 5 & 6. § 1441(b)(1) provides that, "[i]n determining whether a civil action is removable on the basis of jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."

Defendants").[4] The addition of the Non-Diverse Individual Defendants to this suit, would require remand under 28 U.S.C. § 1447(e).[5]

A telephone conference was held with the parties before any opposition memorandum to the Motion to Amend was due.[6] Removing Defendants argued that the citizenship of the to-be-added defendants should be disregarded because they are improperly joined. Specifically, Removing Defendants claim that Plaintiff has no possibility of recovery against these defendants for the reasons set forth in their then-pending Motion for Summary Judgment.[7] The Court explained the heavy burden of proving that joinder was improper and expressly cautioned the Removing Defendants to consider whether opposition to the Motion to Amend was appropriate given the different standard applicable to a motion for summary judgment versus an improper joinder argument.[8] In response to the Motion to Amend, Removing Defendants state that, while not consenting to the amendment, they "will not oppose Plaintiff's Motion for Leave of Court to File an Amended Complaint based upon the applicable standards to motions for leave."[9] However, Removing Defendants requested to reserve the right to address and brief the issue of whether these defendants are improperly joined if the court pierces the pleadings to consider summary judgment-type evidence.

The Motion to Amend will be granted and remand recommended. Even considering the evidence presented by Removing Defendants in support of their previously filed Motion for

---

[4] R. Doc. 41 and s*ee* R. Doc. 41-1, ¶¶ I(f)-(h), identifying the "Doe" defendants as Lori Cooper, Tim Brown and Charles Abbott, domiciled in Louisiana, and R. Doc. 45, p. 3 ("The parties confirmed during the telephone conference that the Doe Defendants are citizens of Louisiana, such that their addition as parties would destroy subject matter jurisdiction.").
[5] That provision states: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."
[6] R. Doc. 43.
[7] R. Doc. 20.
[8] R. Doc. 45, p. 4. The Motion for Summary Judgment was terminated by the Court "without prejudice to Defendants' right to re-assert their motion pending the Court's assessment of its subject matter jurisdiction. (See Doc. 45)," *i.e.*, whether this Court maintains subject matter jurisdiction in this case. R. Doc. 47.
[9] R. Doc. 46, p. 2.

Summary Judgment, which consists of the deposition of Dr. John Whatley,[10] one of Plaintiff's treating physicians, and over 1,000 pages of medical records,[11] this information necessarily requires pre-trying this case and resolving fact issues that are within the province of the jury, specifically whether the Non-Diverse Individual Defendants' actions after Plaintiff's fall may have caused or contributed to any additional injuries. In other words, this is not an appropriate situation to pierce the pleadings on an improper joinder argument.

I.    APPLICABLE LEGAL STANDARDS

"The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper."[12] "'[A]ny contested issues of fact and any ambiguities of state law must be resolved' in favor of remand,"[13] and "[a]ny doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[14]

The Fifth Circuit has "recognized two ways to establish improper joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'"[15] As to the second method, the test "is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[16] Here, Removing Defendants do not assert that there has been fraud in the pleading of jurisdictional facts

---

[10] R. Doc. 20-4.
[11] R. Docs. 20-5 through 20-56.
[12] *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004).
[13] *African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 793 (5th Cir. 2014), quoting *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242. 249 (5th Cir. 2011). *See also Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003) ("Any contested issues of fact and any ambiguities of state law must be resolved in [plaintiff's] favor. The burden of persuasion on those who claim fraudulent joinder is a heavy one.").
[14] *Bartel v. Alcoa Steamship Co.*, 64 F.Supp.3d 843, 847 (M.D. La. 2014), citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).
[15] *Smallwood*, 385 F.3d at 573, quoting *Travis*, 326 F.3d at 646-47.
[16] *Id*.

related to the Non-Diverse Individual Defendants, so the question before the Court is whether Plaintiff has a reasonable basis of recovery against any of these defendants under state law.

A court may resolve this issue in one of two ways. "The court may conduct a Rule 12(b)(6) analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder."[17] That said, *Smallwood* recognizes that there may be limited cases in which a plaintiff has stated a claim but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.[18] The Fifth Circuit has cautioned that such summary inquiry "is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant."[19]

### II. BECAUSE REMOVING DEFENDANTS HAVE NOT MET THEIR BURDEN OF ESTABLISHING THAT THE NON-DIVERSE INDIVIDUAL DEFENDANTS WOULD BE IMPROPERLY JOINED, THE MOTION TO AMEND WILL BE GRANTED

"When a case is removed to federal court on the basis of diversity jurisdiction, the *Erie* doctrine requires federal courts to apply substantive state law when adjudicating state law claims."[20] "Under Louisiana law, a court may hold a corporate officer or employee individually liable for injuries to third persons under certain circumstances."[21] "This 'liability may be imposed

---

[17] *Smallwood*, 385 F.3d at 573 (citations omitted).
[18] *Id.*
[19] *Id*. at 573-74. *See also id*. at n. 12 ("For example, the in-state doctor defendant did not treat the plaintiff patient, the in-state pharmacist defendant did not fill a prescription for the plaintiff patient, a party's residence was not as alleged, or any other fact that easily can be disproved if not true."). *See also African Methodist*, 756 F.3d at 793 ("A mere theoretical possibility of recovery in state court will not preclude a finding of improper joinder. The federal court's inquiry into the reasonable basis for the plaintiff's state court recovery is a 'Rule 12(b)(6)-type analysis,' although the court retains discretion to pierce the pleadings and conduct summary proceedings….").
[20] *RPM Pizza, LLC v. Argonaut Great Cent. Ins. Co.*, Nos. 10-684, 12-147, 2013 WL 1296678, at * 2 (M.D. La. March 28, 2013), citing *LeMeilleur v. Monumental Life Ins. Co.*, 419 Fed.Appx. 451, 453 (5th Cir. 2011) & *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).
[21] *Kemp v. CTL Distribution, Inc.*, 440 Fed.Appx. 240, 245 (5th Cir. 2011) (unpubl.), citing *Canter v. Koehring Co.*, 283 So.2d 716 (La. 1973).

on such individuals even if the duty breached arises solely from the employment relationship.'"[22] "If the elements for imposing individual liability on the corporate employee are met, it does not matter that the corporation might also be liable."[23] "Under Louisiana law, an employee is personally liable if (1) the employer owes a duty of care to a third person; (2) the employer delegated that duty to a defendant-employee; (3) and the defendant-employee breached the duty through his own fault and lack of ordinary care."[24] "However, a defendant-employee's 'general administrative responsibility' is insufficient to impose personal liability."[25] For the employee to be held liable for purported personal fault or negligence which arises out of a breach of duty, that person must have some personal contact with and responsibility towards the injured plaintiff.[26]

In her original Petition, Plaintiff makes the following allegations against the Non-Diverse Individual Defendants:

---

[22] *Id.*, citing *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 312 (5th Cir. 2005) and *Ford v. Elsbury*, 32 F.3d 931, 936 (5th Cir. 1994).
[23] *Ford*, 32 F.3d at 936, citing *H.B. 'Buster' Hughes, Inc. v. Bernard*, 318 So.2d 9, 12 (La. 1975).
[24] *Moore v. Manns*, 732 F.3d 454, 456-57 (5th Cir. 2013), citing *Canter*, 283 So.2d at 721.
[25] *Id.* (affirming district court's denial of motion to amend to add non-diverse employees and agreeing that plaintiff's "proffered amendment relied on the proposed parties' general responsibilities to oversee safety rather than on evidence of personal fault, as required to trigger individual liability under Louisiana law.").
[26] *See Esco v. Smith*, 468 So.2d 1169, 1175 (La. 1985); *Canter*, 283 So.2d at 721 ("personal liability cannot be imposed upon the…employee simply because of his general administrative responsibility for performance of some function of the employment. He must have a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiff's damages.").

VI.

After the fall, Petitioner could not sit up. However, Petitioner was repeatedly told that she had to sit up by employee Defendants, Jane Doe, John Doe (1) and John Doe (2). Petitioner was in pain and wished to remain in the position in which she fell. However, she was not allowed to do so. Petitioner was heavily encouraged to move by the aforementioned employee Defendants. The Petitioner did not have to move because Petitioner was not in a heavily populated area. Neither was her life endanger, nor did the aforementioned Defendants render any life-saving aid to Petitioner.

VII.

First, Defendant, Jane Doe, pushed Petitioner's right leg with Jane Doe's foot in a different position to allow for Petitioner to sit up. At no time did Petitioner give Jane Doe any expressed or implied consent to move her leg.

VIII.

Then, Defendant, John Doe (1) moved Petitioner to sit her back against an object. At no time did Petitioner give John Doe (1) any expressed or implied consent to move her to an upright position.

IX.

Finally, Defendants, John Doe (1) and John Doe (2) pulled and picked Petitioner up from the floor and moved her forcefully to a tall stool. Petitioner had to wait for the Paramedics for a period of time while siting on the tall stool. Petitioner felt nothing but pain and anguish throughout her body as gravity weighed her down. At no time did Petitioner give expressed or implied consent to John Doe (1) or John Doe (2) to pick her up and move her to a tall stool. On the contrary, Petitioner told Defendants that she did not think that they would be able to pick her up.

X.

Petitioner was not in a life or death situation where she needed to be aided to save her life. At no time did the employee Defendants, Jane Doe, John Doe (1) and John Doe (2) act as healthcare professionals and render any medical aid to Petitioner. On the contrary, the Defendants just insisted that Petitioner sit up to sign some documents, believed to be an accident report.

Plaintiff also alleges that these defendants had a duty not to disturb her after the fall, but they did so in violation of company policy and the general duties of a reasonably prudent person.[27]

---

[27] R. Doc. 1-4, ¶¶ VI – XII.

Plaintiff concludes her allegations against these defendants by stating that multiple healthcare professionals have indicated that the extent and severity of her injuries are not consistent with an normal fall and, had these defendants not taken the actions they did, Plaintiff's injuries would not have been so extensive.[28] The amended complaint identifies the names and Louisiana domiciles of the Non-Diverse Individual Defendants, but contains substantially the same allegations against them as the original Petition.[29]

The factual allegations against the Non-Diverse Individual Defendants are sufficient to establish the elements necessary to overcome the limitations on employee personal liability set out in *Canter*. Specifically, Plaintiff alleges that these employees were personally involved in moving her after the fall, which worsened her condition, *i.e.,* that they actively contributed to her injuries. An employee's personal involvement in causing or contributing to the plaintiff's alleged injuries is generally sufficient to state a claim for personal liability. [30]

Once a plaintiff has stated a claim against a non-diverse defendant, the Removing Defendants "must come forward with evidence to negate a possibility of liability against the non-

---

[28] R. Doc. 1-4, ¶ XIV.
[29] R. Doc. 41-1, ¶¶ VI-XIV.
[30] Compare *Mathes v. PNK (Baton Rouge) Partnership*, No. 17-392, 2017 WL 5762434, at *5 (M.D. La. Nov. 6, 2017), quoting *Haynes v. Healthcare Services Group, Inc.*, No. 13-649, 2014 WL 2769080, at *3 (M.D. La. May 30, 2014) (citing *Canter*, 283 So.2d at 721 (emphasis added)) ("This Court has previously held that, 'Under Louisiana law, an employee's personal involvement in causing the alleged injury or the employee's knowledge of the dangers present could give rise to the personal duty contemplated by *Canter*.'"); *George–McGee v. Wal–Mart Stores, Inc.*, No. 90–2788, 1991 WL 2701, at *2 (E.D. La. Jan. 9, 1991) (allegation of employee's "personal negligence"—i.e., employee was "operating the steel dolly which allegedly struck the plaintiff from behind"—was "sufficient to state a claim ... with ample possibility of recovery"); *Crooks v. Nat'l Union Fire Ins. Co.*, 620 So.2d 421, 425 (La.App. 3 Cir.1993) (where vacuuming employee "pulled the vacuum cleaner hose across the aisle" causing plaintiff to fall, court found employee negligent in "(1) not warning [plaintiff] that he was going to pull the vacuum cleaner hose across the aisle, and (2) in pulling the hose without first ascertaining the safety of doing so.") with *Giles v. Wal-Mart Louisiana, LLC*, No. 16-2413, 2016 WL 2825778, at * 4 (E.D. La. May 13, 2016) ("Plaintiff does not allege that Jabbia personally knew or actively contributed to any alleged unsafe conditions.; *Black v. Lowe's Home Centers, Inc.*, No. 10-478, 2010 WL 4790906, at * 3 (M.D. La. Oct. 22, 2010) ("Considering that there is no evidence that Mr. Davis was present at the Lowe's store on the date of the accident and that Mr. Black has not alleged or testified to any personal breaches of duty by Mr. Davis relating to the accident (such as testimony that Mr. Davis personally left the band in question on the floor or that Mr. Davis had knowledge of its presence on the floor of the plumbing aisle and failed to take steps to remove it), it appears that the plaintiffs are seeking to impose liability on Mr. Davis for breaches of his general administrative duties as a store manager (such as his duties to supervise, inspect, and train), which is precluded by *Canter*.").

diverse defendant."[31] Removing Defendants would rely on their summary judgment evidence for their argument that Plaintiff cannot establish that the Non-Diverse Individual Defendants did anything that caused additional trauma.[32]

As a general proposition, if a plaintiff can withstand a 12(b)(6) analysis, an argument for improper joinder should be denied.[33] In limited cases, however, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant."[34] In *Davidson v. Georgia-Pacific, L.L.C.*,[35] the Fifth Circuit explained when it is proper for a court to pierce the pleadings to determine whether there are limited, undisputed facts that may establish that the plaintiff cannot recover against the in-state defendant:

> The examples of improper joinder based on "discrete and undisputed facts" outside the pleadings that *Smallwood* provides are consistent with this language requiring a defendant to "preclude" the possibility of recovery: evidence showing that "the in-state doctor defendant did not treat the plaintiff," that "the in-state pharmacist defendant did not fill a prescription for the plaintiff patient," that "a party's residence was not as alleged, or any other fact that easily can be *disproved* if not true."[36]

Here, Removing Defendants do not rely on discrete and undisputed facts. Instead, they rely on the deposition of one of Plaintiff's medical providers and over 1,000 pages of medical records to purportedly establish that the Non-Diverse Individual Defendants did not worsen Plaintiffs injuries

---

[31] *Randolph v. Wyatt*, No. 09-2020, 2010 WL 569753, at *5 (W.D. La. Feb. 11, 2010), citing *Travis*, 326 F.3d at 650-51. *See also Haynes*, 2014 WL 2769080, at *4, quoting *Randolph*.
[32] *See* R. Doc. 20-2 and supporting evidence.
[33] *Smallwood*, 385 F.3d at 573 (citations omitted).
[34] *Id*. at 573-74. *See also id*. at n. 12 ("For example, the in-state doctor defendant did not treat the plaintiff patient, the in-state pharmacist defendant did not fill a prescription for the plaintiff patient, a party's residence was not as alleged, or any other fact that easily can be disproved if not true."). *See also African Methodist*, 756 F.3d at 793 ("A mere theoretical possibility of recovery in state court will not preclude a finding of improper joinder. The federal court's inquiry into the reasonable basis for the plaintiff's state court recovery is a 'Rule 12(b)(6)-type analysis,' although the court retains discretion to pierce the pleadings and conduct summary proceedings….").
[35] 819 F.3d 758, 766 (5th Cir. 2016), citing *Travis*, 326 F.3d at 650 n. 3.
[36] 819 F.3d at 766-67, citing *Smallwood*, 385 F.3d at 573-74 & n. 12) (emphasis added in *Davidson*).

from the fall.[37]

Even if this evidence were properly considered, it would not adequately establish improper joinder at this juncture. *Travis v. Irby,* where the Fifth Circuit granted remand in an improper joinder case, is instructive: "In this circumstance, in which the defendant has the burden of establishing fraudulent joinder and the plaintiff can clearly state a claim upon which relief can be granted as to the non-diverse defendant, the lack of substantive evidence as to the non-diverse defendant does not support a conclusion that he was fraudulently joined. In order to establish that Irby was fraudulently joined, the defendant must put forward evidence that would negate a possibility of liability on the part of Irby. As the defendants cannot do so, simply pointing to the plaintiff's lack of evidence at this stage of the case is insufficient to show that there is no possibility for [the plaintiff] to establish [the defendant's] liability at trial."[38] The Fifth Circuit distinguished the improper joinder analysis from a decision on a summary judgment motion where "the plaintiff's lack of evidence in support of her claims, after a sufficient period of discovery, could have a different effect.[39]

Contested issues of facts and any ambiguities of state law must be resolved in favor of

---

[37] Dr. Whatley testified that, in his opinion, given the minimally displaced nature of Plaintiff's fractures, he did not think Plaintiff's condition was worsened by anything that happened between the fall and her getting to the hospital. R Doc. 20-4, pp. 9-10.
[38] 326 F.3d at 650-51. *See also Pitman v. Crane Co.*, No. 13–83, 2013 WL 1403326 (E.D. La. April 5, 2013) ("Georgia–Pacific's argument that plaintiff has not produced 'one scintilla of evidentiary support' suggesting that plaintiff's father worked at industrial sites is inapposite. In *Bradford v. McCarty Corp.,* No. 08–746, 2009 WL 667175 (M.D. La. Mar. 12, 2009), this court remanded a case in which defendant did nothing more than point out flaws in plaintiffs' evidence: 'Simply pointing to the plaintiffs' lack of evidence at this early stage of the case is insufficient to show that there is no possibility that the plaintiffs will be able to establish the liability of the non-diverse defendants at trial.' *Bradford,* 2009 WL 667175, at *2. Further, in *Richoux v. CSR Ltd.,* No. 08–931, 2008 WL 576242 (E.D. La. Feb. 29, 2008), the court remanded a case where 'plaintiff testfie[d] only that he, a lifelong office worker, has no *personal* knowledge or information that the non-diverse defendants supplied, installed, or distributed the asbestos-containing products that he may have been exposed to during the course of his life.' *Richoux,* 2008 WL 576242, at *4. Improper joinder was not established by pointing to this deposition because the deposition was 'far from the only type of evidence after discovery, that the plaintiff might be able to produce at trial.' *Id.*").
[39] *Travis*, 326 F.3d at 650, n.3. As Plaintiff noted in opposition to the Motion for Summary Judgment, only one of her treating providers, Dr. Whatley, had been deposed as of the time Removing Defendants sought summary judgment. R. Doc. 22. Certainly another provider or medical expert could offer an opinion different from Dr. Whatley's as this case progresses.

remand.[40] Plaintiff claims casino employees moved her after her fall, which worsened her injuries. Removing Defendants disagree and point to voluminous medical records and Dr. Whatley's deposition that he does not believe anything done after the fall increased Plaintiff's injuries. Removing Defendants' early attempt to have this issue decided via a motion for summary judgment was unsuccessful, which leaves a factual dispute that is not appropriate for resolution in the context of an improper joinder analysis.

### III. CONCLUSION

Removing Defendants have not carried their heavy burden of proving there is no possibility that Plaintiff can recover from any of the Non-Diverse Individual Defendants under the facts of this case. Accordingly, **IT IS ORDERED** that Plaintiff's Motion for Leave of Court to File an Amended Complaint,[41] is **GRANTED**. The Clerk of Court is instructed to docket Plaintiff Vickie R. Smith's Amended Petition for Damages[42] into the record.

Because Plaintiff's amended complaint identifies non-diverse defendants against whom she has stated a claim for personal liability,

**IT IS RECOMMENDED** that this case be *sua sponte* remanded to the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana for lack of subject matter jurisdiction.

Signed in Baton Rouge, Louisiana, on January 2, 2024.

*[signature: Erin Wilder-Doomes]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[40] *African Methodist*, 756 F.3d at 793, citing *Cuevas*, 648 F.3d at 249.
[41] R. Doc. 41.
[42] R. Doc. 41-1.